ROBERT A. DOLINKO (SBN: 076256)
rdolinko@nixonpeabody.com
NIXON PEABODY LLP
One Embarcadero Center, 18th Floor
San Francisco, California 94111-3600
Telephone: (415) 984-8200
Facsimile: (415) 984-8300

MAE HAU (SBN: 293641)
mhau@nixonpeabody.com
NIXON PEABODY LLP
300 South Grand Avenue, Suite 4100
Los Angeles, California 90071-3151
Telephone: (213) 629-6000
Facsimile: (213) 629-6001

Attorneys for Defendants
HERTZ TRANSPORTING, INC. and
DTG OPERATIONS, INC.

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| L'TANYA MCCALLUM, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>HERTZ TRANSPORTING, INC., a Delaware corporation; DTG OPERATIONS, INC., an Oklahoma corporation; and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No.: 5-19-cv-00858-AB-JPR<br><br>**DEFENDANT DTG OPERATIONS, INC.'S ANSWER TO PLAINTIFF'S AMENDED COMPLAINT**<br><br>Amended Complaint Filed: April 18, 2019<br>Trial Date: None Set |

Defendant DTG Operations, Inc. ("DTG") answers the Amended Complaint as follows:

**THE PARTIES**

1. DTG admits the allegations contained in paragraph 1.

2. DTG admits that DTG was Plaintiff's employer beginning in approximately October 2015. Except as expressly admitted herein, DTG denies all remaining allegations in paragraph 2.

3. DTG denies the allegations contained in paragraph 3 as the allegations contained therein are legal conclusions.

4. DTG denies the allegations contained in paragraph 4 as the allegations contained therein are legal conclusions.

5. DTG denies the allegations contained in paragraph 5 as the allegations contained therein are legal conclusions.

6. Paragraph 6 contains no factual allegations and, therefore, does not require a response.

## FACTUAL ALLEGATIONS

7. DTG denies the allegations contained in paragraph 7.

8. DTG admits that Plaintiff was promoted to the position of Manager on or about October 2, 2015. Except as expressly admitted herein, DTG denies all remaining allegations in paragraph 8.

9. DTG admits that Plaintiff suffered an injury on or about December 24, 2015. Except as expressly admitted herein, DTG denies all remaining allegations in paragraph 9.

10. DTG admits that Plaintiff took a leave of absence from December 24, 2014, to on or about May 20, 2016. Except as expressly admitted herein, DTG denies all remaining allegations in paragraph 10.

11. DTG admits that Plaintiff took a leave of absence from December 24, 2014, to on or about May 20, 2016. Except as expressly admitted herein, DTG denies all remaining allegations in paragraph 11.

12. DTG admits that Plaintiff was released to return to work on May 20, 2016. Except as expressly admitted herein, DTG denies all remaining allegations in paragraph 12.

13. DTG admits that Plaintiff returned to work on or about May 20, 2016. DTG admits that Plaintiff was placed on a performance improvement plan on December 15, 2016. Except as expressly admitted herein, DTG denies all

remaining allegations in paragraph 13.

14. DTG admits that Plaintiff submitted a complaint to DTG on December 23, 2016. DTG admits that Plaintiff began a second leave of absence on December 23, 2016. Except as expressly admitted herein, DTG denies all remaining allegations in paragraph 14.

15. DTG admits that DTG assigned Plaintiff to work at Angel View Boutique as a reasonable accommodation for her medical restriction. Except as expressly admitted herein, DTG denies all remaining allegations in paragraph 15.

16. DTG admits that Plaintiff worked at Angel View Boutique from approximately August 2017 to November 2017. Except as expressly admitted herein, DTG denies all remaining allegations in paragraph 16.

17. DTG denies the allegations contained in paragraph 17.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

18. DTG denies the allegations contained in paragraph 18 as the allegations contained therein are legal conclusions.

## FIRST CAUSE OF ACTION

## DISABILITY DISCRIMINATION IN VIOLATION OF THE FEHA

**(Against ALL Defendants)**

19. Paragraph 19 contains no factual allegations and, therefore, does not require a response. To the extent that paragraph 19 re-alleges the allegations of paragraphs 1 through 18, DTG's responses to said paragraphs are unchanged here.

20. DTG denies the allegations contained in paragraph 20 as the allegations contained therein are legal conclusions.

21. DTG denies the allegations contained in paragraph 21 as the allegations contained therein are legal conclusions.

22. DTG denies the allegations contained in paragraph 22.

23. DTG denies the allegations contained in paragraph 23.

24. DTG denies the allegations contained in paragraph 24.

25. DTG denies the allegations contained in paragraph 25.

26. DTG denies the allegations contained in paragraph 26.

**SECOND CAUSE OF ACTION**

**FAILURE TO ACCOMMODATE IN VIOLATION OF THE FEHA**

**(Against ALL Defendants)**

27. Paragraph 27 contains no factual allegations and, therefore, does not require a response. To the extent that paragraph 27 re-alleges the allegations of paragraphs 1 through 26, DTG's responses to said paragraphs are unchanged here.

28. DTG denies the allegations contained in paragraph 28 as the allegations contained therein are legal conclusions.

29. DTG denies the allegations contained in paragraph 29.

30. DTG denies the allegations contained in paragraph 30.

31. DTG denies the allegations contained in paragraph 31.

32. DTG denies the allegations contained in paragraph 32.

33. DTG denies the allegations contained in paragraph 33.

**THIRD CAUSE OF ACTION**

**FAILURE TO ENGAGE IN THE INTERACTIVE PROCESS IN VIOLATION OF THE FEHA**

**(Against ALL Defendants)**

34. Paragraph 34 contains no factual allegations and, therefore, does not require a response. To the extent that paragraph 34 re-alleges the allegations of paragraphs 1 through 33, DTG's responses to said paragraphs are unchanged here.

35. DTG denies the allegations contained in paragraph 35 as the allegations contained therein are legal conclusions.

36. DTG denies the allegations contained in paragraph 36.

37. DTG denies the allegations contained in paragraph 37.

38. DTG denies the allegations contained in paragraph 38.

39. DTG denies the allegations contained in paragraph 39.

40. DTG denies the allegations contained in paragraph 40.

**FOURTH CAUSE OF ACTION**

**RETALIATION IN VIOLATION OF THE FEHA**

**(Against ALL Defendants)**

41. Paragraph 41 contains no factual allegations and, therefore, does not require a response. To the extent that paragraph 41 re-alleges the allegations of paragraphs 1 through 40, DTG's responses to said paragraphs are unchanged here.

42. DTG denies the allegations contained in paragraph 42 as the allegations contained therein are legal conclusions.

43. DTG denies the allegations contained in paragraph 43.

44. DTG denies the allegations contained in paragraph 44.

45. DTG denies the allegations contained in paragraph 45.

46. DTG denies the allegations contained in paragraph 46.

47. DTG denies the allegations contained in paragraph 47.

**FIFTH CAUSE OF ACTION**

**FAILURE TO PREVENT IN VIOLATION OF THE FEHA**

**(Against ALL Defendants)**

48. Paragraph 48 contains no factual allegations and, therefore, does not require a response. To the extent that paragraph 48 re-alleges the allegations of paragraphs 1 through 47, DTG's responses to said paragraphs are unchanged here.

49. DTG denies the allegations contained in paragraph 49 as the allegations contained therein are legal conclusions.

50. DTG denies the allegations contained in paragraph 50.

51. DTG denies the allegations contained in paragraph 51.

52. DTG denies the allegations contained in paragraph 52.

53. DTG denies the allegations contained in paragraph 53.

54. DTG denies the allegations contained in paragraph 54.

55. DTG denies the allegations contained in paragraph 55.

## ANSWER TO PLAINTIFF'S PRAYER FOR RELIEF

DTG denies each and every averment and request for relief contained in the Prayer for Relief of the Amended Complaint.

## AFFIRMATIVE DEFENSES

In addition, DTG alleges and asserts the affirmative defenses set forth herein. By pleading these affirmative defenses, DTG does not assume the burden of proving any fact, issue, or element of a cause of action where such burden belongs to Plaintiff.

## FIRST AFFIRMATIVE DEFENSE

**[Failure to State a Cause of Action]**

1. Plaintiff's Amended Complaint, and each and every cause of action asserted therein, fails to state facts sufficient to constitute a cause of action against DTG.

## SECOND AFFIRMATIVE DEFENSE

**[Statutes of Limitations]**

2. The causes of action asserted in the Amended Complaint against DTG may be barred, in whole or in part, by the applicable statutes of limitations, including, but not limited to, those set forth in the California Code of Civil Procedure and California Business and Professions Code section 12960.

## THIRD AFFIRMATIVE DEFENSE

**[Workers' Compensation Preemption]**

3. DTG is informed and believes, and based thereon alleges, that the Court has no jurisdiction over the subject matter of Plaintiff's Amended Complaint, or portions thereof, because Plaintiff's exclusive remedy for her purported injuries is under the California Workers' Compensation Act.

## FOURTH AFFIRMATIVE DEFENSE

**[After-Acquired Evidence]**

4. To the extent DTG discovers evidence in the course of the litigation

that certain causes of action set forth in Plaintiff's Amended Complaint are barred by the after-acquired evidence doctrine, it reserves that defense.

**FIFTH AFFIRMATIVE DEFENSE**

**[Failure to Exhaust]**

5. DTG alleges, based on information and belief, that Plaintiff's Amended Complaint, in whole or in part, is barred due to Plaintiff's failure to exhaust available administrative remedies.

**SIXTH AFFIRMATIVE DEFENSE**

**[Legitimate Business Reasons]**

6. DTG alleges that its conduct with respect to Plaintiff was reasonably and properly based on legitimate business reasons or other non-discriminatory and non-retaliatory reasons.

**SEVENTH AFFIRMATIVE DEFENSE**

**[Reasonable Accommodation]**

7. DTG alleges that Plaintiff's claims are barred in whole or in part because DTG provided Plaintiff with a reasonable accommodation for her alleged medical condition.

**EIGHTH AFFIRMATIVE DEFENSE**

**[Undue Hardship]**

8. Plaintiff's Amended Complaint is barred to the extent the accommodation(s) proposed by Plaintiff would have created an undue hardship on DTG.

**NINTH AFFIRMATIVE DEFENSE**

**[Failure to Mitigate Damages]**

9. DTG alleges, based on information and belief, that Plaintiff's claims for damages are barred or must be reduced by her failure to take reasonable steps to mitigate her alleged damages.

**TENTH AFFIRMATIVE DEFENSE**

**[Good Faith]**

10. DTG alleges, based on information and belief, that all of DTG's alleged actions and/or conduct were privileged, justified, and/or done in good faith.

**ELEVENTH AFFIRMATIVE DEFENSE**

**[Estoppel, Waiver, and Unclean Hands]**

11. DTG alleges, based on information and belief, that Plaintiff's Amended Complaint, and each and every cause of action alleged therein, is barred by the doctrines of estoppel, waiver, and/or unclean hands.

**TWELFTH AFFIRMATIVE DEFENSE**

**[Due Process and Fourteenth Amendment]**

12. DTG alleges, based on information and belief, that to the extent Plaintiff seeks an amount of punitive damages that is unconstitutionally excessive, such an amount violates the Due Process Clause of the Fourteenth Amendment to the United States Constitution and the protections of the California State Constitution.

**RESERVATION OF RIGHTS**

14. The Amended Complaint is vague, ambiguous, indefinite, and uncertain. Therefore, DTG reserves the right to amend or supplement the affirmative defenses asserted herein, and to present evidence supportive of different or additional defenses, upon ascertaining the specific nature of the claims asserted by Plaintiff against it.

WHEREFORE, DTG prays judgment as follows:

1. That Plaintiff's Amended Complaint be dismissed in its entirety with prejudice and that Plaintiff take nothing by reason thereof;

2. That DTG be awarded its costs of suit incurred herein;

3. That DTG be awarded its reasonable attorneys' fees to the extent provided by law;

4. That judgment be entered in favor of DTG; and

5. That DTG receive such other relief as the Court deems just and proper.

Dated: July 2, 2019 NIXON PEABODY LLP

By: /s/ Robert A. Dolinko
Robert A. Dolinko
Mae Hau
Attorneys for Defendants
HERTZ TRANSPORTING, INC. AND
DTG OPERATIONS, INC.